IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**KIMBERLY L. REED**                                                                            **PLAINTIFF**

**v.**                                       **No. 4:16-CV-00042-JM-JTK**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### REASONING FOR RECOMMENDED DISPOSITION

Kimberly Reed applied for social security disability benefits with an alleged onset date of July 1, 2004. (R. at 81). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 35). The Appeals Council denied Reed's request for review. (R. at 3A). The ALJ's decision now stands as the Commissioner's final decision, and Reed has requested judicial review.

For the reasons stated below, the magistrate judge recommends affirming the Commissioner's decision.

**I.      The Commissioner's Decision**

The ALJ found that Reed had the severe impairment of bipolar disorder. (R. at 23). Due to this impairment, the ALJ found that Reed had the residual functional capacity (RFC) to perform work at all exertional levels with the nonexertional limitations that the work must be unskilled, defined as able to understand, retains, and carry out simple job instructions, make simple work-related decisions, respond appropriately to co-workers and supervisors but limited to only occasional incidental contact that is not necessary to perform the work; that she would be able to respond to minor changes in the usual work routine; and that she would be prohibited from dealing with the general public. (R. at 26). Reed had no past relevant work. (R. at 33). The ALJ took testimony from a vocational expert (VE) and determined that Reed could perform jobs such as cook's helper or dishwasher. (R. at 34). The ALJ therefore held that Reed was not disabled. (R. at 34–35).

## II.  Discussion

Reed argues that the ALJ improperly determined her RFC, improperly discounted her treating physician's opinion, failed to include all of her limitations in the hypothetical to the VE, failed to include an exhibit list, and erred in determining Reed's credibility.

The Court is to affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if it is possible to draw two inconsistent positions from the evidence, the Court must affirm if one of those positions represents the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

### a.  The RFC Determination

Reed maintains that the ALJ provided an insufficient definition of unskilled work and that remand is required to clarify the definition of unskilled work. She argues that unskilled work is generally considered work that can be learned within thirty days, which the RFC does not specifically state.

This argument is unavailing. The RFC contains specific limitations and sufficient detail to provide a guideline for work that can be performed with those limitations. Furthermore, to the extent that it might be error for the RFC not to include an explicit requirement that the work be capable of being learned within thirty days, that error is harmless. The two jobs identified by the ALJ are both SVP 2 jobs, which are capable of being learned within thirty days. Adding an additional restriction to the RFC would not have changed the ALJ's decision.

Reed also argues that the RFC does not include limitations identified by one of her treating physicians, specifically "limitations functioning independently, dealing with work stress, maintaining attention and concentration, behaving in an emotionally stable manner and demonstrating reliability." The undersigned cannot agree. The physician who asserted those limitations noted that Reed had "fair" ability in all those areas. (R. at 384–85). The RFC fully accounts for these limitations by limiting Reed to unskilled work and limiting her interactions with others. It is not necessary for the RFC to contain specific terminology, but it must capture the concrete consequences of the impairments. *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). The RFC in this case does so.

Reed also takes issue with the ALJ finding her mental impairment to be non-severe, but this argument is clearly at odds with the actual decision. The ALJ held that Reed's lone severe impairment was bipolar disorder. (R. at 23). The ALJ acknowledged

Reed's former diagnosis of schizophrenia, but that diagnosis has since been dropped. (R. at 375–80). The undersigned can find no error in the RFC determination.

### b. The Treating Physician Opinions

Reed contends that the ALJ did not consider the opinion of one of her treating physicians, wrongly considered a 2004 mental evaluation, and erred in not giving controlling weight to a treating physician's opinion.

In the first instance, Reed notes that the ALJ did not acknowledge the medical assessment of Dr. Derek Lewis. She argues that this alleged failure to consider evidence requires remand. However, Reed's argument is mistaken. The ALJ discussed opinions by Dr. Kaczenski, one of her treating physicians. However, the ALJ discussed one of those opinions as having been provided in December 2013, and the ALJ identified that opinion as exhibit 19F. (R. at 31). Exhibit 19F is the opinion of Dr. Lewis. (R. at 386–87). The ALJ clearly made a mistake in the attribution of the assessment, but the ALJ also discussed the assessment in detail. While it would have been better for the ALJ to make no mistake, the undersigned cannot see how this misattribution prejudiced Reed in any way.

Reed argues that the ALJ improperly referenced a 2004 mental evaluation. Reed contends that the ALJ should have instead ordered a new psychological examination. The ALJ committed no error. The ALJ simply considered all of the evidence in the record. The ALJ also gave little weight to the 2004 evaluation and gave more weight to more recent evidence. (R. at 30).

Reed's complaint that the ALJ did not give controlling weight to Dr. Kaczenski's opinion is also unavailing. Reed argues that Dr. Kaczenski's opinion supports listing 12.04, which the ALJ found she did not meet. (R. at 24–26). However, Dr. Kaczenski did not identify any "marked" limitations that would be necessary to meet listing 12.04 under

the paragraph B criteria or limitations that would satisfy the paragraph C criteria. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. As noted above, the RFC fully accounts for all the limitations Dr. Kaczenski identified. The undersigned cannot agree that the ALJ improperly weighed his opinion.

### c.  The Hypothetical to the VE

Reed next argues that the ALJ failed to include limitations in the hypothetical question to the VE. The limitations she speaks of are limitations that Reed mentioned during testimony.

A hypothetical is sufficient if it sets forth the impairments the ALJ accepts as true that are supported by substantial evidence. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). Reed testified that she could not stand for a long time, gets lost and forgets what is going on, has problems concentrating, and has problems with her back. (R. at 43, 55, 56, 59). The record does not contain objective evidence supporting these limitations, and the ALJ included all of the limitations he found to be substantiated by the evidence. The undersigned can find no error in the hypothetical question.

### d.  The Exhibit List

The Hearing, Appeals, and Litigation Law ("HALLEX") is a manual guideline which provides procedural guidance for processing and adjudicating claims at the ALJ hearing and Appeals Council levels.  HALLEX I-2-1-20 requires that the ALJ include an exhibit list be included with any unfavorable or partially favorable decision. In this case, the ALJ did not include an exhibit list along with the decision. Reed contends that this is reversible error.

The Eighth Circuit has not addressed the legal impact of a HALLEX violation. However, other district courts within the Eighth Circuit have concluded that such

violations are not reversible error, noting that there is a split in the circuits, where some circuits hold that HALLEX is not legally binding on the Commissioner or the courts. *Crabtree v. Colvin*, No. 1:14 CV 29 DDN, 2014 WL 6977779, at *8–9 (E.D. Mo. Dec. 9, 2014). The undersigned agrees with this assessment. HALLEX is an internal manual not meant to have the force of law.

Nevertheless, even if such a violation were error, it would be harmless in this case. Reed complains that a claimant has a right to know on what basis a decision was made and that the record in this case is incomplete. An exhibit list would surely make the decision easier to navigate, but the record contains all of the evidence upon which the ALJ based his decision, and the ALJ's decision itself contains references to all of the evidence. Reed cannot show that she has been in any way harmed by the lack of an exhibit list.

### e.  The Credibility Determination

Finally, Reed contends that the ALJ erred in finding her testimony to not be entirely credible. She argues that the ALJ made a single conclusory statement concerning credibility and failed to fully consider the credibility factors.

The Court is to defer to the ALJ's credibility determination if supported by good reason and substantial evidence. *Turpin v. Colvin*, 750 F.3d 978, 984 (8th Cir. 2014). An ALJ is to consider multiple factors in determining a claimant's credibility, including daily activities and whether the claimant's subjective complaints are consistent with the evidence as a whole. *Id.*

Here, the ALJ considered that Reed cares for four minor children without assistance, needs no reminders to take medication, prepares meals daily, and performs household chores without help or encouragement, and can go out alone. (R. at 30). The ALJ also considered Reed's use of medication to manage her impairments. (R. at 31). The

ALJ noted that Reed's symptoms seemed controlled as long as she took her medication and that her only hospitalizations occurred when she was not compliant with medication or was abusing illegal drugs. (R. at 29). Overall, the ALJ provided sufficient reasons for discrediting Reed.

### III.   Recommended Disposition

The ALJ properly determined Reed's RFC, properly weighed the treating physician opinion evidence, posed a sufficient hypothetical question to the VE, and performed a proper credibility determination. The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the undersigned magistrate judge recommends AFFIRMING the decision of the Commissioner.

It is so ordered this 15th day of March, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE